UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES of AMERICA for the use and benefit of RELYANT GLOBAL, LLC, ) ) ) | |
| Plaintiff, ) ) ) | |
| vs. ) ) ) | No. _____ |
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, THE CONTINENTAL INSURANCE COMPANY, FEDERAL INSURANCE COMPANY, FIDELITY AND DEPOSIT COMPANY OF MARYLAND, ZURICH AMERICAN INSURANCE COMPANY, and SAFECO INSURANCE COMPANY OF AMERICA, ) ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW Plaintiff United States of America for the use and benefit of Relyant Global, LLC, by and through its undersigned attorneys, and for its cause of action against the Defendants, Travelers Casualty and Surety Company of America, The Continental Insurance Company, Federal Insurance Company, Fidelity and Deposit Company of Maryland, Zurich American Insurance Company, and Safeco Insurance Company of America ("Defendants"), states as follows:

PARTIES

1. Plaintiff Relyant Global, LLC ("Relyant") is, and at all times relevant has been, a Tennessee limited liability company with its principal office and place of business located at 335 High Street, Maryville, Blount County, Tennessee.

2. Defendant Travelers Casualty and Surety Company of America ("Travelers") is a foreign insurer organized under the laws of the State of Connecticut and authorized to issue contract surety bonds in the United States of America and in the State of Tennessee. Travelers

may be served with process at its statutory home office address: One Tower Square, Hartford, CT 06183.

3. Defendant The Continental Insurance Company ("Continental") is a foreign insurer organized under the laws of the State of Pennsylvania and authorized to issue contract surety bonds in the United States of America and in the State of Tennessee. Continental may be served with process at its statutory home office address: 151 N. Franklin Street, Chicago, IL 60606.

4. Defendant Federal Insurance Company ("Federal") is a foreign insurer organized under the laws of the State of Indiana and authorized to issue contract surety bonds in the United States of America and in the State of Tennessee. Federal may be served with process at its statutory home office address: 202B Hall's Mill Road, Whitehouse Station, NJ 08889.

5. Defendant Fidelity and Deposit Company of Maryland ("Fidelity") is a foreign insurer organized under the laws of the State of Maryland and authorized to issue contract surety bonds in the United States of America and in the State of Tennessee. Fidelity may be served with process at its statutory home office address: 1400 American Lane, Schaumburg, IL 60196.

6. Defendant Zurich American Insurance Company ("Zurich") is a foreign insurer organized under the laws of the State of New York and authorized to issue contract surety bonds in the United States of America and in the State of Tennessee. Zurich may be served with process at its statutory home office address: 1400 American Lane, Schaumburg, IL 60196.

7. Defendant Safeco Insurance Company of America ("Safeco") is a foreign insurer organized under the laws of the State of New Hampshire and authorized to issue contract surety bonds in the United States of America and in the State of Tennessee. Safeco may be served with process at its statutory home office address: 175 Berkeley Street, Boston, MA 02116.

## JURISDICTION AND VENUE

8. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1352 in that this matter involves an action on a payment bond executed pursuant to 40 U.S.C. § 3131 *et. seq.* (the "Miller Act").

9. Venue is proper in this judicial district because Plaintiff's cause of action arose in this district and the applicable subcontract was entered into in this district.

## FACTUAL BACKGROUND

10. In or about 2017, Granite Obayashi, a Joint Venture ("GOJV"), a general partnership consisting of Granite Construction Incorporated and Obayashi Corporation, entered into Contract Number N62742-17-C-1324 (the "Prime Contract") with Naval Facilities and Engineering Command Pacific ("NAVFAC" or the "Government") to perform work as the prime contractor on the J-001B Finegayan Utilities and Site Improvements Phase I project (the "Project").

11. As required by the provisions of the Prime Contract and applicable federal law, GOJV provided a payment bond for the Project from Defendants (the "Payment Bond"). The Payment Bond was issued with GOJV, as principal, and with Defendants, jointly and severally liable, as sureties, for the benefit of subcontractors and material suppliers, such as Relyant. A copy of the Payment Bond is attached hereto as Exhibit A.

12. On October 1, 2020, Relyant entered into Subcontract No. 08.0040 with GOJV to provide munitions and explosives of concern ("MEC") clearance services on the Project (the "Subcontract"). A true and correct copy of the Subcontract is attached hereto as Exhibit B.

13. International Consolidated Contracting, LLC ("ICC") was initially GOJV's MEC subcontractor for the Project. However, after ICC ceased work on the Project, Relyant later was

asked to submit and did submit a proposal to GOJV to perform MEC work on the Project in Areas A, B, D, and F, in reference to Prime Contract change order "PCO-42." GOJV awarded this work to Relyant, and GOJV and Relyant entered into the Subcontract.

14. Under the Subcontract, Relyant's scope of work was limited to performing MEC clearance on areas A, B, D, and F of the Project. However, through change orders, Relyant also performed some additional work in other limited areas of the Project site at the direction of GOJV.

15. Relyant conducted fieldwork on the Project between November 13, 2020, and November 4, 2022, and provided additional MEC work and construction support between March 20, 2023, and May 4, 2023. Relyant's scope of work on the Project is now complete, except for after-action reports comprehensively detailing Relyant's MEC work on the Project, which will require revisions from Relyant, as the after-action reports have not yet been accepted and approved by the Government.

16. On February 24, 2023, Relyant submitted two Requests for Equitable Adjustment ("REAs") to GOJV pursuant to Section 14.4 of the Subcontract, for submission by GOJV to the Government. The first REA, in the amount of $1,658,036.77 (later revised to $1,481,425.09 in an amended submission), is based on soil piles encountered which differed materially from the contract documents in that they averaged over 7,779 anomalies per acre despite the stated maximum anomaly count of 1,800 per acre in the contract documents and in the Government's Explosive Safety Submission ("ESS"), version 6.

17. Similarly, the second REA, in the amount of $1,101,355.53, is based on trash pits Relyant encountered which differed materially from the contract documents in that they averaged over 14,791 anomalies per acre despite the stated maximum anomaly count of 1,800 per acre in the contract documents and in ESS version 6.

18. Despite submitting its two REAs approximately twenty-one months ago, Relyant has received no payments from GOJV. GOJV has provided incomplete and inconsistent information to Relyant about the status of the two REAs. Upon information and belief, the Government has executed a modification to the Prime Contract to provide additional funding for payment of Relyant's REAs; however, Relyant has not received any portion of these funds.

19. GOJV had, and continues to have, an obligation under the Subcontract, including without limitation the express provisions in Sections 14.4 and 23.4 and the implied covenant of good faith and fair dealing, to reasonably prosecute the REAs with the Government on Relyant's behalf. GOJV has breached the Subcontract by, *inter alia*, failing or refusing to take reasonable action to prosecute Relyant's REAs with the Government, by failing to make payment to Relyant of the amounts sought in the REAs, by mishandling the claims process with the Government involving Relyant's REAs, by accepting an unreasonable amount from the Government in settlement of Relyant's REAs, and by failing to keep Relyant reasonably informed about the status of its REAs.

20. Currently, despite Relyant's repeated demands for payment, GOJV has failed to make payment for well over ninety (90) days to Relyant in the amount of $2,582,780.62 (the sum of Relyant's two REAs on the Project) for GOJV's breach of the Subcontract (including its breach of the implied covenant of good faith and fair dealing), which amount is and has been justly due and owing to Relyant.

21. Under the Payment Bond, Defendants have bound themselves to make payment to claimants, such as Relyant, for all amounts due for materials and labor used in connection with the Project.

22. As Relyant has complied with all requirements and conditions precedent applicable

to it under the Subcontract and the Miller Act Payment Bond and has performed the work and provided the materials for which Relyant seeks payment, Relyant is entitled to payment of the amounts sought on the Project from Defendants on the bond issued for the Project.

23. This lawsuit is commenced within one year from the date upon which the last of the labor was performed and material and equipment was supplied by Relyant on the Project, as the final labor on the Project has not yet been performed.

## CLAIM ON PAYMENT BOND

24. Defendants undertook a direct obligation with the United States of America to act as the surety for the Project. In accordance with that obligation, Defendants issued a Miller Act payment bond securing the debts and obligations of GOJV, the prime contractor, for the Project.

25. Relyant performed all the work that it was contracted to perform and submitted REAs for the additional work that it performed on the Project, which remain unpaid as of the date of the filing of this Complaint.

26. As a result of GOJV's breach of payment obligations, Relyant has sustained damages for which it now seeks to recover. Pursuant to their obligations under the Miller Act, 40 U.S.C. §3131 *et. seq.,* Defendants, as co-sureties, are liable to Relyant for the unpaid amount of $2,582,780.62 (the sum of Relyant's two REAs on the Project) under the Payment Bond.

27. Based upon GOJV's failure to make timely payment to Relyant, Relyant is also entitled to recover from Defendants interest as allowed under the federal Prompt Payment Act, 31 U.S.C. § 3901 *et seq.*

WHEREFORE, Plaintiff Relyant Global, LLC prays for judgment in favor of Relyant Global, LLC against Travelers Casualty and Surety Company of America, The Continental Insurance Company, Federal Insurance Company, Fidelity and Deposit Company of Maryland,

Zurich American Insurance Company, and Safeco Insurance Company of America, jointly and severally, in the unpaid amount of $2,582,780.62 (the sum of Relyant's two REAs on the Project) under the Payment Bond, as well as interest for the bond amount, at the rate allowed under the federal Prompt Payment Act, 31 U.S.C. § 3901 et *seq.*

Respectfully submitted this 25th day of November, 2024.

                                      **LACY, PRICE & WAGNER, PC**

                                      By:  /s/ James H. Price
                                              James H. Price (BPR #016254)
                                            Michael R. Franz (BPR #031664)
                                            249 North Peters Road, Suite 101
                                            Knoxville, TN 37923
                                            (865) 246-0800
                                            jprice@lpwpc.com
                                            mfranz@lpwpc.com
                                            *Attorneys for Plaintiff Relyant Global, LLC*